EVELYN G. WHITE, Respondent, v. TOWN OF CAZENOVIA, Appellant.

*Negligence — injury because of a horse being frightened by a log by the roadside — testimony that the log was removed to prevent other horses being frightened is incompetent.*

Where, on the trial of an action to charge a town with negligence in permitting a log of wood, which the plaintiff alleged frightened her horse, to remain on a highway running through a wooded tract in such town, one of the contested questions is as to whether or not the log of wood was "a frightful object and

was an object well calculated to alarm and frighten horses that might be driven along said highway," it is error to allow a witness (not the commissioner of highways of the town) to testify that he and his father took the log out of the road the day after the accident in order to prevent other horses from becoming frightened at it, as the question whether the log was calculated to frighten horses was a question for the jury and was not a proper subject for exper testimony.

Appeal by the defendant, the Town of Cazenovia, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 31st day of May, 1902, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 22d day of May, 1902, denying the defendant's motion for a new trial made upon a case containing exceptions.

*M. H. Kiley*, for the appellant.

*Wilson, Cobb & Ryan*, for the respondent.

Kellogg, J. :

This action charges the defendant with negligence in permitting a log of wood to remain on the roadside which plaintiff alleges frightened her horse, and for not providing a barricade to an embankment upon the roadside. One of the contested questions in the case was as to the log of wood, whether or not it was, as charged in the complaint, " a frightful object and was an object well calculated to alarm and frighten horses that might be driven along said highway."

The plaintiff had proved that the log was moved the day after the accident by one Winchell to some point on the opposite side of the highway. A witness by the name of Floyd Winchell was called by defendant to describe the log as it lay at the time of the accident No question was asked him by defendant as to removing the log. On cross-examination counsel for plaintiff asked : " Q. You and your father took the log out of the road the following day ? A. Yes, sir. [Objected to as incompetent, immaterial and improper, and ask it be stricken out.] The Court: It may stand. [Exception taken.] * * * Q. What did you move it for ? [Objected to as incompetent, immaterial and improper.] The Court: It is cross-examination. [Exception taken.] A. Because that was the

place where the accident occurred and that the horse got scared at it and we moved it so that there wouldn't be any more get scared at it. Defendant's counsel: We move to strike out the answer as incompetent, immaterial and improper. The Court: No. Defendant's counsel: And not a cross-examination and not a direct examination. The Court: You waited after the question was asked. The evidence is competent. I refuse to strike it out. [Exception taken * * * .] Q. When did you reach your conclusion that it was the log that caused the accident? [Objected to as incompetent, immaterial and improper and assuming a fact not proven.] The Court: He may state. [Exception taken.]"

This witness was not the commissioner of highways and his acts or statements could not be used to bind or prejudice the town. He was made here to declare in substance that the log was calculated to frighten horses and where it lay was an object of danger. This is not a subject for expert testimony.

It was a serious question whether the commissioner of highways knew or ought to have known that this log at the side of the highway, in a wooded tract through which the highway passed, was an object of danger because from its appearance it was reasonable to apprehend that it would frighten a manageable horse of ordinary courage and cause him to bolt when prudently driven by. It was a question for the jury and they had no right to determine that question on such testimony as this. The testimony so taken and declared by the court as competent without limitation was an error so grave as to require a reversal of the judgment.

The other questions and exceptions it is needless to examine, since the error pointed out calls for a new trial.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.